J-S23005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
        :            PENNSYLVANIA
        :
      v.        :
        :
        :
KAREEM J. STANSBURY        :
        :
      Appellant    :    No. 215 EDA 2023

Appeal from the PCRA Order Entered January 4, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006484-2014,
CP-51-CR-0006485-2014

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
        :            PENNSYLVANIA
        :
      v.        :
        :
        :
KAREEM J. STANSBURY        :
        :
      Appellant    :    No. 216 EDA 2023

Appeal from the PCRA Order Entered January 4, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006484-2014,
CP-51-CR-0006485-2014

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:      **FILED SEPTEMBER 15, 2023**

Kareem Stansbury appeals *pro se* from the order entered in the

Philadelphia County Court of Common Pleas on January 4, 2023, dismissing

his petition[1] filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.

C.S.A. §§ 9541-9546 as untimely. Because we agree with the PCRA court that

Stansbury's petition was untimely and he failed to plead and prove an

exception to the PCRA time-bar, we affirm the PCRA court's order denying the

PCRA petition.

We previously summarized the factual and procedural history on appeal

from a prior PCRA petition as follows:

> [Stansbury] drove up to a home in Philadelphia and fired shots at two individuals sitting on the porch: Abdul Scott, his brother, and Rachel Ostrow, a resident of the building. [Stansbury] was charged with various crimes related to the incident at two separate docket numbers: one as to victim Scott (CP-51-CR-0006485-2014) and one as to victim Ostrow (CP-51-CR-0006484-2014).
>
> The two cases proceeded to a consolidated trial, at which [Stansbury] exercised his right to represent himself. After a mistrial and a second trial, a jury convicted [Stansbury] of two counts of attempted murder, two counts of aggravated assault, and other firearm-related crimes. [Stansbury] was sentenced to an aggregate term of thirty-five to seventy years of incarceration, followed by seven years of probation. [Stansbury]'s *pro se* direct appeal, involving both lower-court docket numbers, resulted in no relief.

***Commonwealth v. Stansbury***, 303 EDA 2019 (Pa. Super., filed 9/5/2019)

(unpublished memorandum). In May 2018, Stansbury filed his first PCRA

petition which was subsequently denied. We affirmed the denial on appeal.

***See id***.

---

[1] Stansbury filed a separate notice of appeal under both of the lower court dockets involved. We consolidated the appeals *sua sponte* as they raised identical challenges to the PCRA court's order.

On November 5, 2019, Stansbury filed the instant PCRA petition, in which he raised claims regarding an illegal sentence, and violations of double jeopardy and due process.

On September 14, 2021, Stansbury filed a motion for leave to amend his PCRA petition, along with his proposed amended PCRA petition and memorandum of law. Nothing in the certified record or docket indicates that the PCRA court granted leave to amend.[2] In the motion for leave to amend, Stansbury does not explicitly invoke any time-bar exception. However, he states that "[d]ue to governmental interference by the prior Judge[,] Stansbury would like an evidentiary hearing to develop a record on both claims." **See** Motion for Leave to Amend, filed 9/14/2021. In the proposed amended PCRA petition, Stansbury does not expand on this claim of interference by a prior judge, nor does he mention this claim at all. The proposed amended petition otherwise argued the same issues raised in the initial petition, namely claims regarding an illegal sentence, and violations of double jeopardy and due process.

_____

[2] A *pro se* document appears in the certified record titled "Pro Se Motion for an Evidentiary Hearing based on Newly Discovered Facts", along with an accompanying memorandum of law in support of the motion. These documents are not time-stamped as having been filed and do not appear on the docket. The proof of service page included with the documents states the motion and memorandum were "served on this 15th day of May of 2022 on the parties …". Absent some other evidence that this document was actually filed, we conclude it is irrelevant to this appeal.

After issuing notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition. This timely appeal followed.

Prior to reaching the merits of Stansbury's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Stansbury's judgment of sentence became final in May 2018. The instant petition, filed over one year later, is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Stansbury's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

**Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Stansbury has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In fact, Stansbury failed to make any attempt to plead an exception in his petition. **See** *Pro Se* PCRA Petition, filed 11/5/2019.

It could be argued that Stansbury attempted to raise a claim of governmental interference in his amended petition. **See** Motion for Leave to Amend, filed 9/14/2021 ("Due to governmental interference by the prior Judge[,] Stansbury would like an evidentiary hearing to develop a record on both claims."). However, Pa.R.Crim.P. 905(A) requires leave of court to submit an amended petition. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1189 (Pa. Super. 2012). Even though Stansbury requested leave to amend his petition, the PCRA court still had to explicitly grant permission for amendment in order for these claims to be preserved. **See** Pa.R.Crim.P. 905(A); **see also Rykard**, 55 A.3d at 1189. Therefore, the PCRA court could not have considered any pleading outside of the initial PCRA petition filed in 2019 without having expressly granted permission for Stansbury to file an amended petition.[3]

In a reply brief, Stansbury again fails to even attempt to plead a time-bar exception. Instead, Stansbury argues his petition was timely filed pursuant to **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000). In **Lark**, we held "that

_____

[3] Even if the court had granted Stansbury leave to amend his petition, Stansbury nevertheless failed to preserve a claim regarding an exception under 42 Pa.C.S.A. § 9545(b)(1)(i). While Stansbury insinuates a "prior Judge" committed governmental interference, he does not indicate which judge he is referring to, nor what interference the judge is alleged to have committed. Further, Stansbury only included this generic assertion in his motion for leave to amend, but did not include this claim in his actual proposed amended petition. Accordingly, this undeveloped claim would not have been preserved regardless.

when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Id*. at 588 (footnote omitted). Stansbury's reliance on *Lark* is misplaced. The holding in *Lark* does not toll the PCRA time-bar. Rather, "[i]f the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S.A. § 9545(b)(1) applies." *Id*.

As the PCRA court properly concluded Stansbury's PCRA petition was untimely, and Stansbury failed to plead and prove any exception to the PCRA time bar, we affirm the PCRA court's order denying the petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2023